**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

PATRICIA GREER, ET AL.    CIVIL ACTION NO. 17-0792

VERSUS        JUDGE S. MAURICE HICKS, JR.

UNITED STATES OF AMERICA   MAGISTRATE JUDGE HAYES

## MEMORANDUM RULING

Before the Court is the United States of America's ("United States") "Motion to Dismiss" (Record Document 9) Plaintiffs Patricia and Charles Greer's (collectively the "Plaintiffs") Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiffs oppose the motion. See Record Document 15. For the reasons contained herein, the United States' "Motion to Dismiss" is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

In the Complaint Patricia Greer ("Mrs. Greer") alleges that on February 27, 2016, while visiting the Tom Merrill Recreation Area pavilion, which is located in the Bayou Bodcau Dam and Reservoir operated by the United States Army Corps of Engineers ("USACE'), she tripped and fell over an exposed metal anchor used to secure the picnic tables to the concrete slab of the pavilion. See Record Document 1 at 2. She alleges USACE's employees failed to secure one of the tables and "moved it such that the anchor was exposed." Id. Mrs. Greer's son had paid USACE for exclusive use of the pavilion to host Mrs. Greer's grandson's birthday. See id. She asserts that as a result of the fall, she incurred injuries including fractures in both arms. See id. Additionally, Charles Greer ("Mr. Greer"), claims that he suffered a loss of consortium as a result of the injuries sustained by his wife, Mrs. Greer. See id. at 4.

After Plaintiffs exhausted administrative remedies under the FTCA, this action was instituted. See id. Plaintiffs allege the United States and its agents/employees acted negligently by: (1) failing to adequately warn patrons and visitors, by sign or other means of the dangers associated with the exposed anchor; (2) failing to provide supervision when patrons and visitors were using the pavilion area; (3) failing to keep the Tom Merrill Recreation Area in a safe condition; (4) failing to routinely inspect the Tom Merrill Recreation Area to ensure the safety of the visitors; (5) willfully exposing the anchor; (6) failing to follow the policy of supervising the area while in use; (7) improperly training, supervising, hiring, and retaining its employees; and (8) failing to train and reinforce safety standards with its employees. See id. at 3.

On November 13, 2017, the United States moved to dismiss Plaintiffs' claims, arguing it had not waived sovereign immunity. See Record Document 9-1. Specifically, the United States argues the discretionary function exception to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2680(a), precludes waiver of sovereign immunity, and, alternatively, there is no subject matter jurisdiction on the basis of the Louisiana Recreational Use Statutes (the "recreational statutes"), La. R.S. §§ 9:2791 and 2795. See id. at 4-16. Plaintiffs opposed the motion on December 11, 2017, arguing that both the discretionary function exception to the FTCA and the recreational statutes do not apply in the instant matter. See Record Document 15 at 7-11. In the event the recreational statutes do apply, Plaintiffs assert Mrs. Greer's claims fall within the provided exceptions. See id. at 12. The United States filed its reply brief on January 3, 2018. See Record Document 18. Thus, the motion is fully briefed and ripe for decision.

**LAW AND ANALYSIS**

### I.     Rule 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal on the basis of lack of subject matter jurisdiction. If a district court "lacks the statutory or constitutional power to adjudicate the case," dismissal of the case for lack of subject matter jurisdiction is proper. Home Builders Ass'n of Miss, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). A court may base its disposition of a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. See Robinson v. TCI/US West Communications, Inc., 117 F.3d 900, 904 (5th Cir. 1997), citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). Thus, when presented with a motion to dismiss under Rule 12(b)(1), the court may consider evidence presented beyond the pleadings including affidavits and exhibits submitted by the parties. See Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994).

The district court's consideration of matters outside the pleadings when subject matter jurisdiction is challenged does not convert a motion to dismiss into one for summary judgment. See Harris v. P.A.M. Transport, 339 F.3d 635, 637 n.4 (8th Cir. 2003). The burden of proof applicable to Rule 12(b)(1) analysis is on the party asserting jurisdiction. Thus, Plaintiffs bear the burden of proof that this Court has subject matter jurisdiction over his claims. See In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 646 F.3d 185, 189 (5th Cir. 2011).

II.    **Analysis**

   A.  **The United States has Waived Sovereign Immunity**

The United States argues its tort liability rests entirely upon the waiver of sovereign immunity; and that the discretionary function exception to FTCA precludes any such waiver. <u>See</u> Record Document 9-1 at 8-9. Plaintiffs contend the discretionary function exception does not apply in this matter because there is a mandatory policy requiring a specific course of action for USACE employees to follow; therefore, the United States could be liable for the negligence of its employee. <u>See</u> Record Document 15 at 7-8.

The liability of the United States rests upon the waiver of sovereign immunity under the FTCA. <u>See</u> 28 U.S.C. §§ 1346(b), 2671-2680. In the absence of a waiver of sovereign immunity, this Court lacks subject matter jurisdiction over a claim involving the United States. <u>See</u> <u>Gonzalez v. United States</u>, 851 F.3d 538, 543 (5th Cir. 2017). The FTCA provides a waiver of sovereign immunity for "civil actions on claims against the United States, for money damages … for injury or loss of property, or personal injury or death *caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346 (emphasis added).

There are several exceptions to the waiver of sovereign immunity provided under the FTCA. <u>See</u> 28 U.S.C. § 2680. The United States rests its motion to dismiss on the discretionary function exception. <u>See</u> Record Document 9-1 at 9-13. The discretionary function exception provides that the United States has not consented to suit in situations in which the claim is "based upon the exercise or performance or the failure to exercise

or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The purpose of the exception is "to prevent judicial 'second-guessing' of legislative and administrative decisions …." United States v. Gaubert, 499 U.S. 315, 323 (1991). Issues of negligence are irrelevant to the discretionary function inquiry. See Gonzalez, 851 F.3d at 545.

The United States Supreme Court has formulated a two-part test to determine whether a governmental act falls within the discretionary function exception.[1] See Gaubert, 499 U.S. at 322. First, the court must ask whether the act involves an element of judgment or choice. See id. Under this prong, courts determine whether a statute, regulation or policy mandates a specific course of action. See id. "A safety or engineering standard operates to remove discretion under the FTCA when it is embodied in a specific and mandatory regulation or statute which creates clear duties incumbent upon the government actors." Kennewick Irrigation Dist. v. United States, 880 F.2d 1018, 1026-27 (9th Cir. 1989). If no mandate exists, the governmental action is considered discretionary. See Gonzalez, 851 F.3d at 544. Second, the court must analyze whether "that judgment is of the kind that the discretionary function exception was designed to shield." Gaubert, 499 U.S. at 322-23. Relative to this inquiry is the determination as to whether the judgment is grounded in social, economic, or political policy. See Gonzalez, 851 F.3d at 548.

---

[1] At the pleading stage, the plaintiff has the burden to "invoke the court's jurisdiction by alleging a claim that is facially outside of the discretionary function exception." Gibson v. United States, 809 F.3d 807, 812 n.1 (5th Cir. 2016), quoting Freeman v. United States, 556 F.3d 326, 334 (5th Cir. 2009). The Fifth Circuit has noted it is unclear whether the plaintiff or the government bears the ultimate burden of proving the discretionary function exception applies. See id., citing St. Tammany Par. ex rel. Davis v. Fed. Emergency Mgmt. Agency, 556 F.3d 307, 315 n. 3 (5th Cir. 2009).

The United States briefly addresses the first prong in its memorandum, only offering the conclusory analysis that "[t]he first prong has been established; the Corps' decision about which Plaintiff complains are ones involving elements of choice and judgment. There is no mandatory policy or procedure which provides that the anchors should not be exposed or that users of the pavilions should be warned about exposed anchors." Record Document 9-1 at 10. However, the United States is incorrect. Plaintiffs presented the Engineering Manual 1110-1-400 (Recreation Facility and Customer Service Standards) issued by the Department of the Army. See Record Document 15-2. The manual specifically details the requirements for anchoring picnic tables at USACE controlled recreational areas. See id. at 3-5. "This manual applies to all Civil Works field activities responsible for the evaluation, design, construction, renovation, rehabilitation, management, and administration of all new or existing recreation developments on Government lands. Application of these standards … shall provide system-wide consistency for planning, design and implementation of improvements …" Id. at 2.

The manual sets forth the guidelines for design, customer service and evaluation procedures into three categories:

1) Required. Features that *shall* be included.

2) Recommended. Features that *should* be included if possible.

3) Optional. Features that *may* be included for customer convenience.

Id. at 3 (emphasis added). The guidelines for picnic tables are addressed in Chapter 4 of the manual. See Record Document 15-2 at 5. Under the Construction and Design Features, the manual states:

1) When anchored, anchoring method eliminates safety
   hazards such as protruding stakes and chains …….. REQUIRED

Id.

Here, the Court finds the safety standards within the Engineering Manual are sufficient to remove discretion under the FTCA. The Engineering Manual specifically addressed the anchoring method of picnic tables and mandated that they be free of safety hazards. The Court disagrees with the United States and finds an exposed anchor is certainly an anticipated safety hazard discussed in Table 4.1. Therefore, the USACE and its employees had a duty to eliminate safety hazards such as an exposed anchor. Since both prongs must be satisfied, the failure to establish the first prong makes the analysis of the second prong unnecessary. See Gaubert, 499 U.S. at 322-23. The discretionary function exception does not preclude the United States' waiver of sovereign immunity in this case.

### B. Application of the Recreational Statutes

Next, the United States maintains that there is no subject matter jurisdiction to consider Mrs. Greer's claims because it is entitled to immunity under the recreational statutes. See Record Document 9-1 at 13. Conversely, Plaintiffs argue the recreational statutes do not apply to Mrs. Greer's claims, stating these statutes only apply to "land defects." See Record Document 15 at 10-12. Alternatively, Plaintiffs assert Mrs. Greer's claims fall within the provided exceptions. See id. at 12-15.

For the United States to be subject to suit under the FTCA, the injury must have been caused "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or the omission occurred." 28 U.S.C. § 1346(b). Therefore, "Congress has bestowed jurisdiction on federal courts only if a private party similarly situated to the United States might be

liable." <u>Woods v. United States</u>, 999 F.Supp. 437, 442 (W.D. La. 1995), <u>aff'd</u> 84 F.3d 432 (5th Cir. 1996). The incident bringing rise to Plaintiffs' claims occurred at the Tom Merrill Recreation Area, located in the Bayou Bodcau Dam and Reservoir, Bossier Parish, Louisiana. Accordingly, Louisiana law determines liability.

There are two recreational use statutes in Louisiana, La. R.S. §§ 9:2791 and 2795. Because the two statutes address the same subject, they must be construed in reference to each other. <u>See</u> <u>Sexson v. Boise Cascade Corp.</u>, 2013 WL 3894106, *2 (W.D. La. 2013). Furthermore, if they conflict, La. R.S. § 9:2795 is controlling. <u>See</u> <u>Richard v. Hall</u>, 2003-1488, 28 (La.4/23/04), 874 So.2d 131, 151.

La. R.S. § 9:2791 provides as follows:

A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing, or boating or to give warning of any hazardous conditions, use of, *structure, or activities on such premises* to persons entering for such purposes, whether the hazardous condition or instrumentality causing the harm is one normally encountered in the *true outdoors or one created by the placement of structures or conduct of commercial activities on the premises.* If such an owner, lessee, or occupant gives permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.

B. *This Section does not exclude any liability which would otherwise exist for deliberate and willful or malicious injury to persons or property*, nor does it create any liability where such liability does not now exist. Furthermore, the provisions of this Section shall not apply when the premises are used principally for a commercial, recreational enterprise for profit; existing law governing such use is not changed by this Section.

C. The word "premises" as used in this Section includes lands, roads, waters, water courses, private ways and *buildings, structures*, machinery or equipment thereon.

(emphasis added). La. R.S. § 9:2795 provides, in pertinent part:

A. As used in this Section:

(1) "Land" means urban or rural land, roads, water, watercourses, private ways or *buildings, structures*, and machinery or equipment when attached to the realty.

(2) "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.

(3) "Recreational purposes" includes but is not limited to any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, *picnicking*, hiking, horseback riding, bicycle riding, motorized, or nonmotorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, roller skating, roller blading, skate boarding, sledding, snowmobiling, snow skiing, summer and winter sports, or viewing or enjoying historical, archaeological, scenic, or scientific sites.

(4) "Charge" means the admission price or fee asked in return for permission to use lands.

(5) "Person" means individuals regardless of age.

B. (1) *Except for willful or malicious failure to warn* against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:

(a) Extend any assurance that the premises are safe for any purposes.

(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.

(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.

(emphasis added).

Plaintiffs argue the recreational statues are inapplicable since the statutes refer only to "land defects." Record Document 15 at 11. Plaintiffs cite *Webster's Dictionary*

which defines "land" as "ground or soil of a specified situation, nature, or quality," and defines "defect" as "an imperfection that impairs worth or utility." Id.; "land." Merriam-Webster Online Dictionary. 2018. http://www.merriam-webster.com (31 July 2018); "defect." Merriam-Webster Online Dictionary. 2018. http://www.merriam-webster.com (31 July 2018). Accordingly, Plaintiffs argue the recreational statutes are inapplicable because "this case does not arise out of any defect in the land at the Tom Merrill Recreation Area;" instead, it "arises out of negligence on behalf of the USACE and its agents/employees." Record Document 15 at 11.

In their argument, Plaintiffs ignore the explicit language of the statutes as well as Louisiana jurisprudence interpreting these statutes. The "reach of the immunity under these statutes (La. R.S. §§ 9:2791 and 2795)" has been "greatly expanded" because of amendments to these statutes in 1995, 2001, and 2003. Sexson, 2013 WL 3894106 at *4. Thus, much of the jurisprudence interpreting earlier versions of these statutes is no longer applicable. See Dhillon v. Oak Alley Foundation, L.L.C., 2012 WL 5866061, **3-5 (E.D. La. 2012) (discussing changes and current inapplicability of three-part test articulated in Keelen v. State, Department of Culture, Recreation, & Tourism, 463 So.2d 1287, 1290 (La. 1985)). For instance, the immunity is no longer limited to rural lands or to instrumentalities encountered in the "true outdoors." Dhillon, 2012 WL 5866061 at *3.

The fact that the alleged accident occurred in the picnic shelter does not change the grant of immunity. "Land," as defined in La. R.S. 9:2795, "means urban or rural land…private ways or buildings, structure, and machinery or equipment when attached to the realty." The term "premises" defined in La. R.S. § 9:2791(C) includes "lands…private ways and buildings, structures, machinery or equipment thereon."

Therefore, any defects or conditions on the pavilion as a structure placed on the premises are encompassed within the immunity grant of the recreational statutes. <u>See</u> <u>Dhillon</u>, 2012 WL 5866061 at *5 (finding that Oak Alley mansion was a building attached to Oak Alley's property, was encompassed by statue, and, thus, Oak Alley was entitled to immunity when plaintiff fell on veranda while walking to view alley of oak trees, a recreational purpose).

Mrs. Greer was taking part in a type of activity that triggers the application of the recreational statutes. According to the Complaint, she tripped at the outdoor pavilion located in a recreational area in Bayou Bodcau Dam and Reservoir when she was there for a birthday party. <u>See</u> Record Document 1 at 2. The pavilion where the alleged accident occurred is described as a picnic shelter. <u>See</u> Record Document 9-3. Picnicking is specifically listed as an example of a recreational activity in La. R.S. § 9:2795(A)(3). Even if the Complaint does not specifically assert that Mrs. Greer was at the picnic shelter for picnicking, "[t]he 'including, but not limited to language' of [La. R.S. 9:2795(A)(3)] makes clear that the Legislature did not intend that the list of enumerated activities was exhaustive." <u>Richard v. Louisiana Newpack Shrimp Co., Inc.</u>, 11-309, p. 9 (La. App. 5 Cir. 12/28/11), 82 So.3d 541, 547.

Additionally, if the accident was not a direct result of the recreational activity, it is still enough that she was on the property to engage in the recreational activity. <u>See</u> <u>Sexson</u>, 2013 WL 3894106 at *3 (high school coach at cross country meet in Boise paper mill park who stepped into a man-made hole was participating in recreational activity); <u>Dhillon</u>, 2012 WL 5866061 at *5 (walking across the veranda of Oak Alley plantation to view alley of oak trees which was "sightseeing" was considered a recreational activity);

Richard, 82 So.3d at 547 ("Although loading a boat and preparing to depart a camp are not any of the specific enumerated activities, the definition of recreational purpose is broad enough to include the normal activities associated with boating and camping."); Webb v. Parish of St. Tammany, 2006-0849 (La. App. 1 Cir. 2/9/07), 959 So.2d 921 (finding that motorcycle driver who was injured in motorcycle accident on park premises while leaving softball game still fell under recreational use); Benoit v. City of Lake Charles, 2005-89 (La. App. 3 Cir. 7/20/05) 907 So.2d 931 (finding that city was entitled to immunity from suit brought by spectator who fell and fractured ankle at baseball tournament at city ballpark). Therefore, because Mrs. Greer was on the property for a recreational purpose, the recreational statutes apply. See Webb, 959 So.2d at 925 ("The statute does not require that the injury arise out of the recreational activity per se, as long as the person injured was on the property for a recreational purpose.").

However, the United States is not entitled to immunity at this stage because Plaintiffs have alleged sufficient facts to state a claim which falls within the provided exceptions to the recreational statues. La. R.S. § 9:2791(B) denies immunity for actions that can be considered "deliberate and willful or malicious injury to persons or property." Additionally, La. R.S. § 9:2795(B)(1) exempts from immunity "malicious or willful failure to warn of a dangerous condition."

The United States contends that Plaintiffs' complaint "does not allege 'willful or malicious failure to warn' against a dangerous condition or deliberate and willful or malicious injury." Record Document 9-1 at 21. The Court notes the United States' argument is better made through a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, and not a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject

matter jurisdiction. However, construing Plaintiffs' Complaint under the Supreme Court's rulings in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937 (2009), Plaintiffs have met their burden.

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in <u>Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u> at 555-556, 127 S.Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). <u>Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citation omitted). In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" <u>Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit</u>, 369 F.3d 464 (5th Cir. 2004), <u>quoting</u> <u>Jones v. Greninger</u>, 188 F.3d 322, 324 (5th Cir. 1999). However, courts do not have to accept legal conclusions as facts. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949.

The Supreme Court of Louisiana has ruled that "[i]n regard to this duty as imposed by the recreational use statute, a failure to warn of a dangerous condition connotes a conscious course of action, and is deemed willful or malicious when action is knowingly taken or not, which would likely cause injury with conscious indifference to consequences

thereof." <u>Wood v. State, ex rel. Dept. of Wildlife & Fisheries</u>, 43-457, p. 13 (La. App. 2 Cir. 09/13/08); 989 So.2d 280, 288. Plaintiffs' Complaint alleged:

> 11) Employees failed to secure one of the tables and moved it such that the anchor was exposed. When the anchor is exposed, it creates a tripping hazard for pavilion guests.
>
>                         \*\*\*
>
> 14) The defendant and its agents and/or employees acted negligently and caused [Mrs.] Greer's harm by:
>
> > a. *Failing to adequately warn patrons and visitors, by sign or other means of the dangers associated with the exposed anchor*;
> >
> > b. Failing to provide supervision when patrons and visitors were using the pavilion area;
> >
> > c. Failing to keep the Tom Merrill Recreation Area in a safe condition;
> >
> > d. Failing to routinely inspect the Tom Merrill Recreation Area to ensure the safety of the visitors;
> >
> > e. *Willfully exposing the anchor*;
> >
> > f. Failing to follow the policy of supervising the area while in use;
> >
> > g. Improperly training, supervising, hiring, and retaining its employees; and
> >
> > h. Failing to train and reinforce safety standards with its employees.

Record Document 1 at 3 (emphasis added).

Accepting these allegations as true and in a light most favorable to Plaintiffs, the Court believes Plaintiffs have successfully plead that USACE agents and/or employees willfully failed to warn the public of the dangerous condition they created, knowing that it violated mandatory safety standards, with indifference to the consequences. Accordingly, La. R.S. §§ 9:2791(B) and 9:2795(b)(1) preclude immunity for the United States in this matter at this early stage.

**CONLUSION**

The Court finds the safety standards within the Engineering Manual are sufficient to remove discretion under the FTCA. The Engineering Manual specifically addressed the anchoring method of picnic tables and mandated that they be free of safety hazards; therefore, the United States is not entitled to the discretionary function exception. Although La. R.S. §§ 9:2791 and 9:2795 are applicable in this instance, Plaintiffs have asserted sufficient factual matter to state a claim that falls within the provided exceptions. Dismissal of Plaintiffs' claim at this time would be improper. Accordingly, the United States' "Motion to Dismiss" (Record Document 9) is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 8th day of August, 2018.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT